IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| IN THE MATTER OF THE SEARCH OF INORMATION ASSOCIATED WITH PARTICULAR CELLULAR TOWERS | Case No. 2:24-mj-11<br>2:24-mj-12<br>2:24-mj-13<br>**Filed Under Seal** |
|---|---|

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Tyler Fink, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a warrant for records and information associated with certain cellular towers ("cell towers") that is in the possession, custody, and/or control of AT&T, a cellular service provider headquartered in Dallas, Texas; Verizon, a cellular service provider headquartered in New York, New York; and T-Mobile, a cellular service provider headquartered in Overland Park, Kansas. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) to require AT&T, Verizon, and T-Mobile to disclose to the government the information further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review the information to locate items described in Section II of Attachment B.

2. I am a United States Postal Inspector, having been so employed since April of 2022. I am presently assigned to the Columbus, Ohio Field Office, Pittsburgh Division of the United States Postal Inspection Service (USPIS).

3. I have gained experience through completion of the Basic Inspector Training (BIT) in August of 2022. During BIT, I was instructed in all phases of criminal investigation, such as

criminal law, search and seizure, field enforcement techniques, firearms proficiency, drug and narcotics identification, drug and narcotics field testing, and interviewing and evidence collection. Since August 2022, I have worked with various federal, state, and local law enforcement agencies in the investigation of crimes involving the U.S. Mail and the U.S. Postal Service, including but not limited to mail fraud, bank fraud, mail theft, burglaries, robberies, dangerous mail investigations, and mailed narcotics.

4. As a federal agent, I am authorized to investigate violations of laws of the United States and am a law enforcement officer with the authority to execute warrants issued under the authority of the United States.

5. The facts contained in this affidavit are based on my personal knowledge as well as that of the other agents involved in this investigation. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## PROBABLE CAUSE

*The Check-Stealing Scheme*

6. Law enforcement has been investigating a network of individuals involved in robbing or stealing USPS issued Arrow keys from USPS employees in Central Ohio. The criminal actor(s) focus on stealing these Arrow keys, which open USPS collection boxes, for the purpose of stealing the mail located within.

7. The criminal actor(s) typically visit USPS collection boxes during the night/early morning. The criminal actor(s) use the stolen Arrow keys and other methods to gain access to the USPS collection boxes, remove the mail, and then leave the area.

8. The criminal actor(s) generally take checks from the stolen mail, then alter those checks and deposit, or attempt to deposit, the counterfeit checks into various bank accounts. The criminal actor(s) often conceal the source of the money by transferring the fraudulently obtained money to other bank accounts. The criminal actor(s) then attempt to deplete the fraudulently obtained money via ATM withdrawals, peer-to-peer transactions, and/or the purchase of cryptocurrency. Generally, the initial actor who steals the Arrow key works with other individuals to accomplish the objectives outlined above.

*Robbery Details*

9. On or about June 21, 2023, at approximately 2:14PM, a United States Postal Service (USPS) Letter Carrier was delivering mail near 86 Linda Court, Westerville, Ohio, when an unknown male black (UMB) suspect approached the USPS employee and initially said something the carrier was unable to understand. The suspect then said, "you know what this is," and demanded the carrier's keys and wallet. The suspect lifted the front of his shirt revealing what the carrier believed to be the hand grip of a firearm wrapped in a black plastic bag. The carrier initially tried to give the suspect his vehicle key and the suspect responded "no, the other key," referring to the USPS Arrow Key. The suspect took the USPS key and wallet and fled in a grey sedan.

*Use of a Westerville Postal Key*

10. On November 1, 2023, Inspectors observed via photo surveillance multiple suspects accessing the blue collection box located at the Westerville Main Post Office, 617 McCorkle Boulevard, Westerville, Ohio. A key matching the series from the Westerville Main Post Office would be needed to access these collection boxes. A still frame photo of that activity is depicted below:




As note, through the use of electronic surveillance, Inspectors determined the box was targeted at approximately 12:12AM, 34 minutes after the timestamp indicated on the recovered photo.

11. On November 6, 2023, Inspectors observed via photo surveillance multiple suspects accessing the same blue collection box located at the Westerville Main Post Office. A key matching the series from the Westerville Main Post Office would be needed to access these collection boxes. A still frame photo of that activity is depicted below:



As noted, through the use of electronic surveillance, Inspectors determined the box was targeted at approximately 12:13AM, 26 minutes before the timestamp indicated on the recovered photo.

12. On November 13, 2023, Inspectors observed via photo surveillance multiple suspects accessing the same blue collection box located at the Westerville Main Post Office. A key matching the series from the Westerville Main Post Office would be needed to access these collection boxes. A still frame photo of that activity is depicted below:




As noted, through the use of electronic surveillance, Inspectors determined the box was targeted at approximately 1:24AM, 28 minutes before the timestamp indicated on the recovered photo.

13. On November 28, 2023, Inspectors observed via photo surveillance multiple suspects accessing the same blue collection box located at the Westerville Main Post Office. A key matching the series from the Westerville Main Post Office would be needed to access these collection boxes. A still frame photo of that activity is depicted below:




As noted, through the use of electronic surveillance, Inspectors determined the box was targeted at approximately 3:18AM, 28 minutes before the timestamp indicated on the recovered photo.

14. In my training and experience, I know that criminals who commit robberies and mail theft often carry cellular devices and will use the cellular device to communicate with other participants involved. Suspects often carry cellular devices and use them during robberies and mail theft to coordinate plans and logistics with each other, or to navigate to and away from certain locations, including the site(s) of the robberies or the mail theft. I also know from my training and experience that "cell phones and the services they provide are 'such a pervasive and insistent part of daily life' that carrying one is indispensable to participation in modern society." *Carpenter v. United States*, 138 S. Ct. 2206, 2220 (2018) (quoting *Riley v. California*, 573 U.S. 373, 385 (2014)). It is therefore likely that the suspects in the postal robbery and mail theft described above were carrying their cellular devices and communicated with each other or other unknown participants via cellular device prior to or just after the robbery and mail theft took place and/or used their cellular devices for navigation purposes.

15. In my training and experience, I have learned that AT&T, Verizon, and T-Mobile are companies that provide cellular communications service to the general public. In order to provide this service, many cellular service providers maintain antenna towers ("cell towers") that serve and provide cellular service to devices that are within range of the tower's signals. Each cell tower receives signals from wireless devices, such as cellular phones, in its general vicinity. By communicating with a cell tower, a wireless device can transmit and receive communications, such as phone calls, text messages, and other data. When sending or receiving communications, a cellular device does not always utilize the cell tower that is closest to it.

16. Based on my training and experience, I also know that each cellular device is identified by one or more unique identifiers. For example, with respect to a cellular phone, the phone will be assigned both a unique telephone number but also one or more other identifiers such as an Electronic Serial Number ("ESN"), a Mobile Electronic Identity Number ("MEIN"), a Mobile Identification Number ("MIN"), a Subscriber Identity Module ("SIM"), a Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), an International Mobile Subscriber Identifier ("IMSI"), or an International Mobile Equipment Identity ("IMEI"). The types of identifiers assigned to a given cellular device are dependent on the device and the cellular network on which it operates.

17. Based on my training and experience, I know that cellular providers, such as AT&T, Verizon, and T-Mobile, routinely and in their regular course of business maintain historical records that allow them to determine which wireless devices used cellular towers on the cellular provider's network to send or receive communications. For each communication sent or received via the wireless provider's network, these records may include: (1) the telephone call number and unique identifiers of the wireless device that connected to the provider's cellular tower and sent or

received the communication ("the locally served wireless device"); (2) the cellular tower(s) on the provider's network, as well as the "sector" (*i.e.*, face of the tower) to which the locally served wireless device connected when sending or receiving the communication; and (3) the date, time, and duration of the communication.

18. Based on my training and experience, I know that cellular providers, such as AT&T, Verizon, and T-Mobile, can query their historical records to determine which cellular device(s) connected to a particular cellular tower during a given period of time and to produce the information described above. I also know that cellular providers can determine which cellular tower(s) provided coverage to a given location at a particular time.

19. Based on my training and experience and the above facts, information obtained from cellular service providers such as AT&T, Verizon, and T-Mobile that reveals which devices used a particular cell tower (and, where applicable, sector) to engage in particular communications can be used to show that such devices were in the general vicinity of the cell tower at the time the communication occurred. Thus, the records described in Attachment A will identify the cellular devices that were in the vicinity of the relevant locations at the time of the crimes under investigation. This information, in turn, will assist law enforcement in determining which person(s) were present for the robbery and theft of mail.

**AUTHORIZATION REQUEST**

20. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to 18 U.S.C. § 2703(c).

21. I further request that the Court direct AT&T, Verizon, and T-Mobile to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control. Because the warrant will be served on AT&T, Verizon, and T-

Mobile, who will then compile the requested records at a time convenient to those carriers, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

22. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation, including by giving targets an opportunity to destroy or tamper with evidence, change patterns of behavior, notify confederates, and flee from prosecution.

Respectfully submitted,

Tyler Fink
United States Postal Inspector

Subscribed and sworn to before me on January 5, 2024, ~~2023~~ XXXX

CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT A

## Property to Be Searched

Records and information associated with communications to and from the following cellular antenna towers ("cell towers") on the identified date(s) and timeframe(s) that are within the possession, custody, or control of the cellular service provider(s) identified below:

| Cell Towers | Dates | Times (All Times EST) |
| --- | --- | --- |
| 1) The cellular towers that provide service to: 617 McCorkle Boulevard, Westerville, Ohio 43082 | 11/1/2023 | 12:05AM to 12:20AM |
| | 11/6/2023 | 12:05AM to 12:20AM |
| | 11/13/2023 | 1:20AM to 1:30AM |
| | 11/28/2023 | 3:15AM to 3:25AM |
| 2) The cellular towers that provide service to 86 Linda Court, Westerville, Ohio 43081 | 6/21/2023 | 2:05PM to 2:25PM |

The following cellular service provider(s) are required to disclose information to the United States pursuant to this warrant:

1. AT&T, a cellular service provider headquartered in Dallas, Texas.
2. Verizon, a cellular service provider headquartered in New York, New York.
3. T-Mobile, a cellular service provider headquartered in Overland Park, Kansas.

# ATTACHMENT B

## Particular Things to be Seized

### I. Information to be Disclosed by the Provider

For each cell tower in described in Attachment A, the cellular service providers identified in Attachment A are required to disclose to the United States records and other information (not including the contents of communications) about all communications made using the cellular tower(s) identified in Attachment A during the corresponding timeframe(s) listed in Attachment A, including records that identify:

a. the telephone call number and unique identifiers for each wireless device in the vicinity of the cell tower ("the locally served wireless device") that registered with the cell tower, including Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Numbers ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), and International Mobile Equipment Identities ("IMEI");

b. for each communication, the "sector(s)" (i.e. the face(s) of the tower(s)) that received a radio signal from the locally served wireless device;

c. the date, time, and duration of each communication.

These records should include records about communications that were initiated before or terminated after the timeframe(s) identified in Attachment A if some part of the communication occurred during the relevant timeframe(s) listed in Attachment A.

## II. Information to be Seized by the Government

All information described above in Section I that constitutes evidence of violations of 18 U.S.C. § 2114 (postal robbery) on June 21, 2023, and 18 U.S.C. § 1708 (mail theft) on November 1, 6, 13, and 28, 2023.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.